**DENIED and Opinion Filed May 22, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-22-01272-CV**
_____

**IN RE LA ENERGIA NORTENA, LLC, ADRIAN ZAMARRIPA, HUMBERTO NOVOA, AND AZTECA RECORDS, LLC, Relators**

**Original Proceeding from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-03103**

## MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Nowell

We reinstate this original proceeding. Before the Court are relators' November 28, 2022 petition for writ of mandamus and March 30, 2023 supplemental petition for writ of mandamus wherein relators seek relief from a stay pending resolution of a related federal lawsuit. The original petition sought relief from the trial court's order staying the entire case. That order was signed in the 192nd Judicial District Court by the Honorable Kristina Williams, whose term expired on December 31, 2022.

We abated this original proceeding pursuant to Texas Rule of Appellate Procedure 7.2 to allow the successor judge, the Honorable Maria Aceves, to

reconsider the challenged order. We ordered the parties to file a status report and a copy of the trial court's order within ten days of any ruling by the successor judge.

On March 30, 2023, relators filed a supplemental petition stating that Judge Jim Jordan had been assigned to reconsider the order and subsequently considered new briefing, held a hearing, and issued a new order. Relators provided an unauthenticated copy of the purported new order, which shows that the trial court partially lifted the stay. Relators argued that the purported modified order mooted some but not all of their complaints from the original order and that they still sought mandamus relief from the modified order.

Entitlement to mandamus relief requires relators to demonstrate that the trial court clearly abused its discretion and that they lack an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relators bear the burden of providing the Court with a sufficient record to show they are entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Because the parties in an original proceeding assemble their own record, this Court strictly enforces the requirements of rule 52 to ensure the integrity of the mandamus record. *In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.).

Relators' record does not comply with the requirements of Texas Rule of Appellate Procedure 52. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1), 52.7(a)(2). For example, the documents contained in relators' appendix and record are neither

certified nor sworn copies. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Certified copies may be ordered from the district clerk. *See In re Hamilton*, No. 05-19-01458-CV, 2020 WL 64679, at *1 (Tex. App.—Dallas Jan. 7, 2020, orig. proceeding) (mem. op.). Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration stating under penalty of perjury that the person making the affidavit or unsworn declaration has personal knowledge that the copies of the documents attached are correct copies of the originals. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001. Relators included in their petition a certification from their attorney that does not invoke the penalty of perjury stating that "each and every document included in the appendix constitutes a true and correct copy of the original." We conclude that the attorney's certification is insufficient to make the documents included in the appendix and record sworn copies.

Additionally, relators' supplemental petition shows that the successor judge held a hearing on relators' motion for reconsideration and issued the modified order based on consideration of the motion for reconsideration, the response to that motion, the live pleadings on file with the court, and the arguments of counsel. Relators, however, did not include in a supplemental appendix or record the motion, the briefing, all the live pleadings, or either a properly authenticated transcript of any relevant testimony or a statement that no testimony was adduced in connection with the matter complained at the hearing. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1),

–3–

52.7(a)(2). As a result, we conclude that relators have failed to meet their burden to provide a sufficient record.

Accordingly, we deny relators' petition for writ of mandamus.

221272f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE